IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OCTAVIUS T. MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-670-MHT |
| | ) | [WO] |
| EASTERLING CORRECTIONAL | ) | |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, when he filed this 42 U.S.C. § 1983 complaint,[1] challenges the provision of medical and/or mental health care he received during his incarceration at the facility. Plaintiff names as defendants Ms. McClure, Nurse Brown, Dr. Hunter, Mrs. Woods, and the Easterling Correctional Facility. Upon review, the court concludes that dismissal of Plaintiff's claims against the Easterling Correctional Facility is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Since filing this complaint Plaintiff has been released from custody.

[2] Plaintiff has been granted leave to proceed *in forma papueris*. Doc. # 3. A person who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(A) & (B). This screening procedure requires the court to dismiss a civil action prior to service of process if it determines that the allegation of poverty is untrue, and/or the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(A) & (B)(i)-(iii).

## I. DISCUSSION

### A. Easterling Correctional Facility

The Easterling Correctional Facility is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Easterling Correctional Facility is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Easterling Correctional Facility be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendant Easterling Correctional Facility be DISMISSED as a party to the complaint; and

3. This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before September 5, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of August, 2016.

    /s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE