IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OCTAVIUS T. MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-670-MHT |
| | ) | [WO] |
| MS. MCCLURE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this 42 U.S.C. § 1983 action on August 15, 2016, while he was incarcerated at the Easterling Correctional Facility in Clio, Alabama.[1] Plaintiff stated in his complaint he would be released from prison when his sentence ended on August 9, 2016, and he provided a free world service address. *See* Doc. 1, Attachment at 2.

On December 12, 2016, Defendants Brown, Hunter, McClure, and Woods filed a motion for leave to file for dismissal of this action and a motion for leave to file a supplement thereto. Docs. 27, 28. To support their motion, Defendants stated their last three mailings, via certified mail, to Plaintiff at the free world address he provided when he filed this complaint were returned to them marked as undeliverable. Doc. 27, Exh. A, Doc. 28, Exh. A. One of the undelivered letters sent to Plaintiff by counsel for Defendants contained an authorization form which advised him that because he has been released from prison he must authorize the release of his prison medical and mental health records for Defendants to file a special report as ordered by the court. *See* Doc. 27, Exh. A. Defendants state the letter, dated November 16, 2016, was returned marked as undeliverable. *Id.*

---

[1] Plaintiff signed and dated his complaint on July 18, 2016. Doc. 1 at 4.

On review of Defendants' request for leave to file for dismissal, as supplemented, the court entered an order on January 10, 2017, directing Plaintiff to show cause why his complaint should not be dismissed for his failure to provide the court and Defendants with his current service address as directed in the court's August 18, 2016, order of procedure (*see* Doc. 4, ¶8(h)).  Doc. 29. The court directed the Clerk to mail copy of the January 10 order to Plaintiff at his last known address. *Id.* The court cautioned Plaintiff his failure to comply with the January 10 order would result in a recommendation this case be dismissed advising him the administration of this case could not continue if his whereabouts remain unknown. *Id.*

Plaintiff has filed no response to the January 10, 2017, order within the time allowed by the court. The court, therefore, concludes this case is due to be dismissed.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of the court.

It is further

ORDERED that **on or before February 14, 2017**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 31st day of January 2017.

  /s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE